## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| AMERICAN PATENTS LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 4:19-cv-764-ALM |
| D-LINK CORPORATION, | |
| Defendant. | |

## DEFENDANT D-LINK CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant D-Link Corporation ("DKC") hereby responds to the First Amended Complaint filed February 18, 2020 ("Amended Complaint") by Plaintiff American Patents LLC ("Plaintiff"). DKC denies the allegations and characterizations in Plaintiff's Amended Complaint unless expressly admitted in the following paragraphs.

## THE PARTIES

1.      DKC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and therefore denies them.

2.      Admitted.

## JURISDICTION AND VENUE

3.      DKC admits that the Amended Complaint purports to be an action for infringement of United States patents arising under 35 U.S.C. §§ 271, 281, and 284-85.  DKC admits that subject matter jurisdiction for a patent infringement action is allowed by 28 U.S.C. §§ 1331 and 1338(a). Any remaining allegations of Paragraph 3 are denied.

4.      Denied.

5.      DKC admits that the Paragraph 5 purports to quote 28 U.S.C. § 1391(c)(3), and that DKC is organized under the laws of Taiwan.  Any remaining allegations of Paragraph 5 are denied.

## BACKGROUND

6.      DKC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and therefore denies them.

7.      DKC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and therefore denies them.

8.      DKC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and therefore denies them.

9.      DKC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and therefore denies them.

10.     DKC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and therefore denies them.

## COUNT I

### (ALLEGED DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,088,782)

11.     DKC admits that the face of U.S. Patent No. 7,088,782 (the "'782 Patent") bears the title "Time And Frequency Synchronization In Multi-Input, Multi-Output (MIMO) Systems" and an issue date of August 8, 2006.  DKC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 and therefore denies them.

12.     DKC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and therefore denies them.

13.     DKC admits that it used its products only outside the United States; for example in Taiwan.  Any remaining allegations of Paragraph 13 are denied.

14.     Denied.

15.     DKC denies that it has infringed any valid, enforceable claim of the '782 Patent. Further, Paragraph 15 contains claim terms that may need to be construed by the Court (e.g., "synchronizing," "Multi-Input Multi Output (MIMO)," "Orthogonal Frequency Division Multiplexing (OFDM)," "time," "frequency," and "domain"); and for at least this reason, DKC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15 and therefore denies them.

16.     Paragraph 16 contains claim terms that may need to be construed by the Court (e.g., "producing," "frame," "data," "training," "symbol," and "synchronization").   For at least this reason, DKC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and therefore denies them.

17.     Paragraph 17 contains claim terms that may need to be construed by the Court (e.g., "transmitting," "frame," and "channel").   For at least this reason, DKC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and therefore denies them.

18.     Paragraph 18 contains claim terms that may need to be construed by the Court (e.g., "receiving," "transmitted," and "frame").   For at least this reason, DKC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and therefore denies them.

19.     Paragraph 19 contains claim terms that may need to be construed by the Court (e.g., "demodulating," "received," "frame," and "data").   For at least this reason, DKC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and therefore denies them.

20.     Paragraph 20 contains claim terms that may need to be construed by the Court (e.g., "synchronizing," "demodulated," "transmitted," "received," "frame," "data," and "symbol").  For at least this reason, DKC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and therefore denies them.

21.     Paragraph 21 contains claim terms that may need to be construed by the Court (e.g., "training," "synchronization," "demodulation," "frame," "time," and "domain").  For at least this reason, DKC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and therefore denies them.

22.     DKC admits that it became aware of the '782 patent upon receiving a copy of the original complaint.  Any remaining allegations of Paragraph 22 are denied.

23.     DKC denies that it has infringed or is infringing any valid, enforceable claim of the '782 Patent.  All remaining allegations of Paragraph 23 are denied.

24.     DKC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and therefore denies them.

## COUNT II

### (ALLEGED DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,310,304)

25.     DKC admits that the face of U.S. Patent No. 7,310,304 (the "'304 Patent") bears the title "Estimating Channel Parameters In Multi-Input, Multi-Output (MIMO) Systems" and an issue date of December 18, 2007.  DKC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 25 and therefore denies them.

26.     DKC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and therefore denies them.

27.     DKC admits that it had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale its products only outside the United States; for example in Taiwan.  Any remaining allegations of Paragraph 27 are denied.

28.     Denied.

29.     DKC denies that it has infringed any valid, enforceable claim of the '304 Patent. Further, Paragraph 29 contains claim terms that may need to be construed by the Court (e.g., "Orthogonal Frequency Division Multiplexing (OFDM)," transmit," and "data").  For at least this reason, DKC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 29 and therefore denies them.

30.     Paragraph 30 contains claim terms that may need to be construed by the Court (e.g., "encoder," "configured," "process," "data," "transmit," "separate," "OFDM system," and "diversity branches").  For at least this reason, DKC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and therefore denies them.

31.     Paragraph 31 contains claim terms that may need to be construed by the Court (e.g., "OFDM," "TDB," "modulator," "data symbols," "training structure," "cyclic prefixes," "transmit," "signal," and "frame").  For at least this reason, DKC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and therefore denies them.

32.     Paragraph 32 contains claim terms that may need to be construed by the Court (e.g., "transmitting," "antenna," "communication," "OFDM," "modulators," "frame," "signal," and "channel").  For at least this reason, DKC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 and therefore denies them.

33.    Paragraph 33 contains claim terms that may need to be construed by the Court (e.g., "training structure," "frame," "predetermine," "signal," "matrix," "substantially," "cyclic prefixes," "data symbols," "countering," "extended," and "channel").  For at least this reason, DKC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 and therefore denies them.

34.    DKC admits that it became aware of '304 patent upon receiving a copy of the original complaint.  Any remaining allegations of Paragraph 34 are denied.

35.    DKC denies that it has infringed or is infringing any valid, enforceable claim of the '304 Patent.  All remaining allegations of Paragraph 35 are denied.

36.    DKC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 and therefore denies them.

<u>**COUNT III**</u>

**(ALLEGED DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,706,458)**

37.    DKC admits that the face of U.S. Patent No. 7,706,458 (the "'458 Patent") bears the title "Time and Frequency Synchronization In Multi-Input, Multi-Output (MIMO) Systems" and an issue date of April 27, 2010.  DKC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 37 and therefore denies them.

38.    DKC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 and therefore denies them.

39.    DKC admits that it had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale its products only outside of the United States; for example in Taiwan.  Any remaining allegations of Paragraph 39 are denied.

40.    Denied.

41.     DKC denies that it has infringed any valid, enforceable claim of the '458 Patent. Further, Paragraph 41 contains claim terms that may need to be construed by the Court (e.g., "synchronize," "frame," "OFDM").   For at least this reason, DKC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 41 and therefore denies them.

42.      Paragraph 42 contains claim terms that may need to be construed by the Court (e.g., "Orthogonal Frequency Division Multiplexing (OFDM)," "modulators," "frame," "symbol," "data symbols," and "cyclic prefixes").   For at least this reason, DKC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 and therefore denies them.

43.     Paragraph 43 contains claim terms that may need to be construed by the Court (e.g., "transmitting," "antenna," "OFDM," "modulator," "frame," and "channel").   For at least this reason, DKC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 and therefore denies them.

44.     Paragraph 44 contains claim terms that may need to be construed by the Court (e.g., "receiving," "antennas," "transmitted," and "frame").   For at least this reason, DKC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 and therefore denies them.

45.     Paragraph 45 contains claim terms that may need to be construed by the Court (e.g., "OFDM," "demodulator," "receiving," "antenna," "synchronization," "frame," and "cyclic prefixes").   For at least this reason, DKC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 and therefore denies them.

46.     Paragraph 46 contains claim terms that may need to be construed by the Court (e.g., "OFDM," "demodulator," "pre-amplifier," "local," "oscillator," "mixer," "connected," "receiving," and "antenna").  For at least this reason, DKC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 and therefore denies them.

47.     Paragraph 47 contains claim terms that may need to be construed by the Court (e.g., "synchronization," "circuit," "connected," "frequency," and "frame").  For at least this reason, DKC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 and therefore denies them.

48.     Paragraph 48 contains claim terms that may need to be construed by the Court (e.g., "cyclic-prefix remover," "synchronization," "circuit," "connected," "serial-to-parallel converter," and "discrete Fournier transform (DFT) stage").  For at least this reason, DKC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 and therefore denies them.

49.     DKC admits that it became aware of the '458 Patent upon receiving a copy of the original complaint.  Any remaining allegations of Paragraph 49 are denied.

50.     DKC denies that it has infringed or is infringing any valid, enforceable claim of the '458 Patent.  All remaining allegations of Paragraph 50 are denied.

51.     DKC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 and therefore denies them.

## COUNT IV

### (ALLEGED DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,847,803)

52.     DKC admits that the face of U.S. Patent No. 6,847,803 (the "'803 Patent") bears the title "Method For Reducing Interference In A Receiver" and an issue date of January 25, 2005.

DKC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 52 and therefore denies them.

53.     DKC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 and therefore denies them.

54.     DKC admits that it had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale its products only outside of the United States; for example in Taiwan. Any remaining allegations of Paragraph 54 are denied.

55.     Denied.

56.     DKC denies that it has infringed any valid, enforceable claim of the '803 Patent. Further, Paragraph 56 contains claim terms that may need to be construed by the Court (e.g., "interference," "receiver," "receiving time slots," "signals," and "antenna"). For at least this reason, DKC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 56 and therefore denies them.

57.     Paragraph 57 contains claim terms that may need to be construed by the Court (e.g., "signals," "antenna," "receiving time slots," "information," and "moments"). For at least this reason, DKC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 and therefore denies them.

58.     Paragraph 58 contains claim terms that may need to be construed by the Court (e.g., "reference," "signal," "time slot," "formed," "tuning," "receiving," and "interference"). For at least this reason, DKC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 and therefore denies them.

59.     DKC admits that it became aware of '803 patent upon receiving a copy of the Amended Complaint. Any remaining allegations of Paragraph 59 are denied.

60.     DKC denies that it has infringed or is infringing any valid, enforceable claim of the '803 Patent.  All remaining allegations of Paragraph 60 are denied.

61.     DKC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 and therefore denies them.

## ADDITIONAL ALLEGATIONS REGARDING ALLEGED INFRINGEMENT

62.     DKC admits that Paragraph 62 purports to identify additional accused products. Any remaining allegations of Paragraph 62 are denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     DKC denies that any of its products infringes any valid, enforceable claims of the patents-in-suit.  All remaining allegations of Paragraph 67 are denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     DKC denies that it has infringed by inducement or otherwise any valid, enforceable claims of the patents-in-suit.  Any remaining allegations of Paragraph 78 are denied.

79.     DKC denies that it has infringed by contribution or otherwise any valid, enforceable claims of the patents-in-suit.  Any remaining allegations of Paragraph 79 are denied.

80.     DKC denies that its products infringe by contribution or otherwise any valid, enforceable claims of the patents-in-suit.  Any remaining allegations of Paragraph 80 are denied.

81.     DKC denies that its products infringe by contribution or otherwise any valid, enforceable claims of the patents-in-suit.  Any remaining allegations of Paragraph 81 are denied.

82.     DKC denies that its products infringe by contribution or otherwise any valid, enforceable claims of the patents-in-suit.  Any remaining allegations of Paragraph 82 are denied.

83.     DKC denies that it has infringed by contribution or otherwise any valid, enforceable claims of the patents-in-suit.  Any remaining allegations of Paragraph 83 are denied.

84.     DKC denies that it has a policy or practice of not reviewing the patents of others.  Any remaining allegations of Paragraph 84 are denied.

85.     Denied.

86.     DKC admits that it became aware of the '782 Patent, the '304 Patent and the '458 Patent upon receiving a copy of the original complaint.  DKC admits that it became aware of the '803 patent upon receiving a copy of the Amended Complaint.  Any remaining allegations of Paragraph 86 are denied.

87.     DKC denies that its customers are infringing any valid, enforceable claims of the patents-in-suits by using DKC's products.  Any remaining allegations of Paragraph 87 are denied.

88.     DKC denies that its customers are infringing any valid, enforceable claims of the patents-in-suits by using DKC's products.  Any remaining allegations of Paragraph 88 are denied.

89.     DKC denies that it has infringed or is infringing, whether directly or indirectly,  any valid, enforceable claims of the patents-in-suit.  Any remaining allegations of Paragraph 89 are denied.

90.     DKC denies that it has infringed or is infringing, whether directly or indirectly, any valid, enforceable claims of the patents-in-suit.  Any remaining allegations of Paragraph 90 are denied.

## PLAINTIFF'S JURY DEMAND

This Paragraph sets forth Plaintiff's request for a jury trial to which no response is required.

## PLAINTIFF'S PRAYER FOR RELIEF

These Paragraphs set forth Plaintiff's statement of relief to which no response is required. To the extent that responses to these Paragraphs are required, DKC denies that Plaintiff is entitled to any relief from DKC.  DKC denies each and every allegation of the Amended Complaint not already admitted or denied and further denies that Plaintiff is entitled to any relief whatsoever from DKC on the basis of any purported claims for relief contained in the Amended Complaint.  DKC further denies that any conduct on its part subjects DKC to liability for damages, enhanced damages under 35 U.S.C. § 284, attorney's fees and costs under 35 U.S.C. § 285, pre-judgment or post-judgment interest, reimbursement of costs, or any other form of relief.  Any remaining allegations of these Paragraphs are denied.

## AFFIRMATIVE DEFENSES

Subject to the responses above, DKC alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the affirmative defenses described below, subject to its responses above, DKC specifically reserves

all rights to allege additional affirmative defenses that become known through the course of litigation and discovery.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.     Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

2.     DKC has not infringed, and does not infringe (literally, under the doctrine of equivalents, directly, indirectly (contributorily or by inducement), jointly, or in any other manner) any valid, enforceable claims of U.S. Patent Nos. 7,088,782; 7,310,304; 7,706,458; and 6,847,803 (collectively, "patents-in-suit") and has not otherwise committed any acts in violation of 35 U.S.C. §271.

## THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

3.     On information and belief, the claims of the patents-in-suit are invalid for failure to comply with one or more conditions of patentability set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 112 and 132.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to Give Notice)

4.     To the extent Plaintiff seeks damages for alleged infringement prior to its giving actual notice of the patents-in-suit to DKC, the relief it seeks is barred by 35 U.S.C. § 287.

## FIFTH AFFIRMATIVE DEFENSE
### (Unenforceability)

5.     Plaintiff's enforcement of the patents-in-suit is barred, in whole or in part, by the doctrine of prosecution history estoppel.

6.      By reason of the proceedings in the U.S. Patent and Trademark Office during prosecution of the applications for the patents-in-suit and the admissions and representations made by the inventors, assignees, Plaintiff, and/or its attorneys, Plaintiff is estopped from asserting constructions for the claims of the patents-in-suit covering any method or device made, used, offered for sale or sold by DKC.

7.      The claims of the patents-in-suit are unenforceable, in whole or in part, by the doctrine of waiver (express or implied), license, laches, acquiescence, and/or estoppel.

8.      The claims of the patents-in-suit are unenforceable as asserted, in whole or in part, by the doctrine of equitable estoppel.

9.      The claims of the patents-in-suit are unenforceable due to unclean hands.

10.     The claims of the patents-in-suit are invalid and unenforceable because of applicant's failure to comply with 35 U.S.C. §§ 111 and 116.

### SIXTH AFFIRMATIVE DEFENSE
### (Limitations)

11.     On information and belief, Plaintiff has failed to mark commercial embodiments of the patents-in-suit.  Plaintiff's alleged damages are limited because it has not satisfied the requirements for obtaining damages under 35 U.S.C. § 287, and the limitation period further bars past damage claims.

12.     Plaintiff's claims for relief are limited by the doctrine of full compensation, exhaustion, and/or first sale, and Plaintiff is not entitled to a double recovery.

### SEVENTH AFFIRMATIVE DEFENSE
### (No Willful Infringement)

13.     Should DKC be found to infringe any valid, enforceable claims of the patents-in-suit, such infringement was not willful.

## EIGHTH AFFIRMATIVE DEFENSE
### (Attorney's Fees)

14.    Plaintiff has failed to state facts sufficient to support an award of attorney's fees to

Plaintiff.

## NINTH AFFIRMATIVE DEFENSE
### (Other Defenses)

15.    DKC reserves the right to supplement or amend this Answer to assert any other

defense that may become available or apparent during discovery or as the case progresses.

## <u>RELIEF REQUESTED</u>

WHEREFORE, DKC prays for relief as follows:

A.    That the Court enter judgment in favor of DKC and against Plaintiff;

B.    That the Court find the patents-in-suit not infringed by DKC;

C.    That the Court find the patents-in-suit invalid;

D.    That the Court find the patents-in-suit unenforceable;

E.    That Plaintiff takes nothing by its Amended Complaint against DKC;

F.    That the Court find this case exceptional under 35 U.S.C. § 285, and award DKC

its costs and fees in this action, including reasonable attorneys' fees and pre-judgment interest

thereon; and

G.    That the Court grant DKC such other and further relief as it deems just and

proper.

## <u>JURY DEMAND</u>

Defendant DKC demands a trial by jury as to all issues so triable.

Dated: July 28, 2020

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ David M. Hoffman*
     David M. Hoffman
     Texas Bar No. 24046084
     hoffman@fr.com
     111 Congress Avenue, Suite 810
     Austin, TX 78701
     Tel: (512) 472-5070
     Fax: (512) 320-8935

     LAW OFFICES OF S. J. CHRISTINE YANG

     Christine Yang (*pro hac vice*)
     chrisyang@sjclawpc.com
     Victoria D. Hao (admitted in EDTX)
     vhao@sjclawpc.com
     17220 Newhope Street, Suite 101
     Fountain Valley, CA 92708
     Tel: (714) 641-4022
     Fax: (714) 641-2082

     **COUNSEL FOR DEFENDANT,**
     **D-LINK CORPORATION**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on  a true and correct copy of the foregoing document was served on July 28, 2020 on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ David. M. Hoffman*
David M. Hoffman